**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MICHAEL BLUNDETTO and | : | CIVIL ACTION |
| KATHLEEN BLUNDETTO | : | |
| | : | NO. |
| v. | : | |
| | : | |
| GEICO GENERAL INSURANCE COMPANY | : | |

**NOTICE OF FILING OF NOTICE OF REMOVAL**
**TO THE UNITED STATES DISTRICT COURT**

To:    Timothy F. Rayne, Esquire
        211 East State Street
        Kennett Square, PA   19348

**PLEASE TAKE NOTICE** that defendant, GEICO General Insurance Company, in the above-captioned matter, originally pending in the Court of Common Pleas of Delaware County, Pennsylvania, docketed as No. 2014-005992, hereby files in the United States District Court for the Eastern District of Pennsylvania a Notice of Removal of said action, a copy of that Notice of Removal being attached hereto and served herewith.

By: _Scott J. Tredwell_

Scott J. Tredwell, Esquire (PA ID #57364)
William H. Resch, Jr., Esquire (PA ID #39471)
**McCormick & Priore, P.C.**
Four Penn Center, Suite 800
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(T) 215-972-0161 / (F) 215-972-5580
stredwell@mccormickpriore.com
hresch@mccormickpriore.com
Attorneys for Defendant,
GEICO General Insurance Company

Dated: _August 15, 2014_

McCORMICK & PRIORE
ATTORNEYS AT LAW

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BLUNDETTO and | : | CIVIL ACTION |
| KATHLEEN BLUNDETTO | : | |
| | : | NO. |
| v. | : | |
| | : | |
| GEICO GENERAL INSURANCE COMPANY | : | |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

**To:** **The Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Defendant, GEICO General Insurance Company (hereafter "GEICO"), hereby files a Notice of Removal of this case from the Court of Common Pleas of Delaware County, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania. This Notice of Removal is filed pursuant to 28 U.S.C. §§1332, 1441(a) and 1446. GEICO, in support thereof, avers as follows:

1.      On July 10, 2014, plaintiffs, Michael Blundetto and Kathleen Blundetto (hereafter "plaintiffs"), commenced the instant action through the filing of a Complaint against GEICO in the Court of Court of Common Pleas of Delaware County, Pennsylvania, docketed as No. 2014-005992. A true and correct copy of plaintiffs' Complaint is attached hereto as Exhibit "A."

2.      Plaintiffs' Complaint was served upon GEICO on July 17, 2014.  A true and correct copy of plaintiffs' Proof of Service is attached as Exhibit "B."

3.      This case involves plaintiffs' claim for under insurance coverage arising out of a motor vehicle accident on September 28, 2011.

4.      Plaintiffs are making a claim for breach of contract and bad faith.

McCORMICK & PRIORE
ATTORNEYS AT LAW

**This Notice Is Timely Filed In Accordance With § 1446**

5.      This Notice of Removal is timely because it is filed within thirty (30) days of July 17, 2014, the date upon which GEICO received the initial pleading from which it could be ascertained the plaintiffs' case was removable.  28 U.S.C. §1446(b).

6.      Further, the Notice of Removal is being filed within one year of the commencement of the action by plaintiffs on July 10, 2014.  28 U.S.C. §1446(c).

**Diversity of Citizenship**

7.      At all times relevant, plaintiffs were citizens of the Commonwealth of Pennsylvania, residing at 3 Minshall Circle, Glen Mills, PA 19352.  See Exhibit "A" at paragraph 1.

8.      Pursuant to 28 U.S.C.S. § 1332(c), "for the purposes of a diversity action, a corporation shall be deemed a citizen of any state in which it is incorporated and also of the state in which it has its principal place of business . . . [i]t is well settled that a corporation can have only one principal place of business." *Viola v. Provident Life & Accident Ins. Co.*, 2000 U.S. Dist. LEXIS 10277, *4 (E.D. Pa. 2000) (citations omitted).

9.      More specifically, the Supreme Court of the United States has held:

> [P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10.      GEICO is organized under the laws of the State of Maryland with its principal place of business in Maryland, located at 5260 Western Avenue, Chevy Chase, MD 20815.

11.     GEICO is therefore a citizen of the State of Maryland.

12.     Proper diversity jurisdiction exists in the instant matter as the claim involves a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

13.     Pursuant to the above analysis, complete diversity exists between the plaintiffs, citizens of the Commonwealth of Pennsylvania, and GEICO, a citizen of the Commonwealth of Virginia.

### Amount in Controversy

14.     Plaintiffs' Complaint demands on behalf of plaintiffs "an amount in excess of the arbitration limit for compensatory damages, punitive damages, interest, cost of suit, attorney's fees and any other damages allowed by 42 Pa. C.S.A. § 8371."

15.     Delaware County Civil Rule 1301(a) states that cases "where the amount in controversy, exclusive of interest and costs, does not exceed $50,000.00 shall first be tried before a board of arbitrators."

16.     Accordingly, plaintiffs in the Complaint are seeking recovery in an amount in excess of $50,000.00.

17.     A value of this case, as appearing from the allegations complained in the Complaint with respect to the alleged contract breach and bad faith, including a request for punitive damages, exceeds the removal requirement of $75,000.00. *See, e.g., Fanning v. AcroMed. Corp.*, 176 F.R.D. 158, 171 (E.D. Pa. 1997), *aff'd*, 193 F.3d 781 (3d Cir. 1999) ("Claims for punitive damages are included when computing the amount in controversy."); *Stehle-Rosellini v. Allstate Corp.*, 210 U.S. Dist. LEXIS 5709 at 13 (W.D. Pa. 2010) ("Defendants submit that a complaint seeking as little as

McCORMICK & PRIORE
ATTORNEYS AT LAW

$14,000.00 in compensatory damages together with punitive damages, attorney's fees and costs help satisfy the jurisdictional threshold.  Thus, defendants have successfully proven to a legal certainty that Plaintiff can recover the jurisdictional amount.  In a case such as this one, involving a statutory claim of bad faith, the claim for attorney's fees and punitive damages could put the amount in controversy over the jurisdictional limit.")

18.    The present lawsuit's removal from the Court of Common Pleas of Delaware County to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a) is appropriate, as complete diversity exists between plaintiffs and GEICO and the amount in controversy exceeds the jurisdictional amount.

19.    True and correct copies of all process, pleadings and orders which have been received by GEICO are attached hereto and filed herewith.

20.    GEICO expressly reserves the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

21.    A true and correct copy of this Notice of Removal is being simultaneously filed with the Prothonotary of the Court of Common Pleas of Delaware County, Pennsylvania, as provided by 28 U.S.C. § 1446(d).

22.    Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446(d).

McCormick & Priore
Attorneys at Law

**WHEREFORE**, Notice is hereby given that this action is removed from the Court of Common Pleas of Delaware County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

By: _Scott J. Tredwell_

Scott J. Tredwell, Esquire (PA ID #57364)
William H. Resch, Jr., Esquire (PA ID #39471)
**McCormick & Priore, P.C.**
Four Penn Center, Suite 800
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(T) 215-972-0161 / (F) 215-972-5580
stredwell@mccormickpriore.com
hresch@mccormickpriore.com
Attorneys for Defendant,
GEICO General Insurance Company

Dated:  August 15, 2014

5

## CERTIFICATE OF SERVICE

I, Scott J. Tredwell, Esquire, attorney for defendant, GEICO General Insurance Company, in the within action hereby certify that I am duly authorized to make this certification; and that on this date, I did cause a true and correct copy of the foregoing *Notice of Removal* to be forwarded by first-class United States mail to counsel addressed as follows:

> Timothy F. Rayne, Esquire
> 211 East State Street
> Kennett Square, PA 19348

By:___*Scott J. Tredwell*___
Scott J. Tredwell, Esquire (PA ID #57364)
William H. Resch, Jr., Esquire (PA ID #39471)
**McCormick & Priore, P.C.**
Four Penn Center, Suite 800
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(T) 215-972-0161 / (F) 215-972-5580
stredwell@mccormickpriore.com
hresch@mccormickpriore.com
Attorneys for Defendant,
GEICO General Insurance Company

Dated:_ August 15, 2014

McCORMICK & PRIORE
ATTORNEYS AT LAW

# EXHIBIT   A

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
## DELAWARE _____ County

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| 2014- 005992 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**S E C T I O N A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
| --- | --- |
| MICHAEL BLUNDETTO | GEICO GENERAL INSURANCE COMPANY |

| Are money damages requested? ☒ Yes ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits |
| | | ☒ outside arbitration limits |

| Is this a *Class Action Suit?* ☐ Yes ☒ No | Is this an *MDJ Appeal?* ☐ Yes ☒ No |
| --- | --- |

Name of Plaintiff/Appellant's Attorney:  TIMOTHY RAYNE, ESQUIRE

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**S E C T I O N B**

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other _____
- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

*Updated 1/1/2011*

1523486_1

TIMOTHY F. RAYNE, ESQUIRE          **ATTORNEY FOR PLAINTIFFS**
ATTORNEY I.D. 75589
MacELREE HARVEY, LTD.
211 East State Street
Kennett Square, PA  19348
P| 610-444-3180
F| 610-444-3270
E| trayne@macelree.com

---

MICHAEL BLUNDETTO and          | IN THE COURT OF COMMON PLEAS
KATHLEEN BLUNDETTO
 3 Minshall Circle              | DELAWARE COUNTY, PA
 Glen Mills, PA  19352
                **Plaintiffs**
                         | NO.

     **v.**

GEICO GENERAL INSURANCE COMPANY
 One Geico Boulevard
 Fredericksburg, VA  22412        | JURY TRIAL DEMANDED
                **Defendant**  | JURY OF TWELVE REQUESTED

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CAN NOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

LAWYER REFERENCE AND INFORMATION SERVICE
Delaware County Bar Association
Front and Lemon Streets
P.O. Box 466
Media, PA  19063
(610) 566-6625

1523486_1

2014 JUL 10 AM 11:47
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA.

FILED

TIMOTHY F. RAYNE, ESQUIRE          ATTORNEY FOR PLAINTIFFS
ATTORNEY I.D. 75589
MacELREE HARVEY, LTD.
211 East State Street
Kennett Square, PA  19348
P| 610-444-3180
F| 610-444-3270
E| trayne@macelree.com

---

MICHAEL BLUNDETTO and          IN THE COURT OF COMMON PLEAS
KATHLEEN BLUNDETTO
 3 Minshall Circle               DELAWARE COUNTY, PA
 Glen Mills, PA  19352
                              **Plaintiffs**
                                              NO.
    v.

GEICO GENERAL INSURANCE COMPANY
 One Geico Boulevard            **JURY TRIAL DEMANDED**
 Fredericksburg, VA  22412
                              **Defendant**   **JURY OF TWELVE REQUESTED**

## COMPLAINT

    1.    Plaintiffs, Michael and Kathleen Blundetto, are adult individuals who reside

at 3 Minshall Circle, Glen Mills, Delaware County, PA 19352.  At all relevant times,

Michael and Kathleen Blundetto were and are husband and wife.

    2.    Defendant, GEICO General Insurance Company (hereinafter referred to

as "GEICO"), is a corporation or other entity authorized to conduct business and to

issue policies of insurance in the Commonwealth of Pennsylvania with a business
address at One Geico Boulevard, Fredericksburg, VA 22412.

     3.     On or about September 28, 2011, at or about 10:14 a.m., Michael
Blundetto was driving his 2003 Nissan Murano north on State Route 100 in Chester
Heights Borough, Delaware County, and was stopped at a red light at the intersection of
Valleybrook Road.

     4.     At the same date and time, Elvis Negron-Vazquez was driving his 1992
Honda behind Mr. Blundetto's vehicle.  Mr. Negron-Vazquez failed to stop at the red
light and rear-ended Mr. Blundetto's vehicle.

     5.     Under Pennsylvania law, Mr. Negron-Vazquez had a duty to drive his
vehicle in a prudent and careful manner, as well as to obey the rules of the road
contained in the Pennsylvania Motor Vehicle Code.

     6.     The collision was directly and proximately caused by the carelessness
and/or negligence of Elvis Negron-Vazquez as follows:

     a.     Driving his vehicle at an excessive rate of speed and/or in excess
of the applicable speed limit;

     b.     Following too closely in violation of Section 3310 of the
Pennsylvania Motor Vehicle Code;

     c.     Failing to have his vehicle under proper control so as to prevent his
vehicle from striking Mr. Blundetto's vehicle;

     d.     Failing to have his vehicle under proper control so as to stop it
within the assured clear distance ahead;

     e.     Failing to keep a proper lookout;

2

f.      Failing to take evasive action in order to avoid impacting Mr. Blundetto's vehicle; and

g.      Failing to apply his brakes in sufficient time so as to avoid striking Mr. Blundetto's vehicle.

7.      As a factual cause of the collision, Michael Blundetto sustained serious injuries, some or all of which may be permanent in nature and may have aggravated pre-existing injuries, including, but not limited to, the following:  cervical disc injuries; cervical strain and sprain; cervical spondylosis; cervical strain/somatic dysfunction; cervical radiculopathy; radiculopathy of the right upper extremity; thoracic disc injuries; thoracic strain and sprain; thoracic strain/somatic dysfunction; lumbar disc injuries; lumbar strain and sprain; grade 1 anterolisthesis, L5 on S1; right shoulder strain; somatic dysfunction of the sacrum; somatic dysfunction of the pelvis; and headaches and nausea.

8.      Michael Blundetto has received extensive medical treatment for the injuries factually caused by the collision including, but not limited to, family doctor care; osteopathic manipulation; physical therapy; diagnostic testing including x-rays and MRIs; trigger point injections; epidural steroid injections; dextrose injections; medications; use of a TENS unit; use of a cervical traction device; and home exercises.

9.      As  a factual cause of the collision, Michael Blundetto has been obliged, and may in the future be obliged, to spend various sums of money for medical treatment and medicines necessitated by the above injuries.

10.     As a factual cause of the collision, Michael Blundetto may be obliged to reimburse certain entities for payments made on his behalf for medical treatment and medicines necessitated by the above injuries.

3

11.     As a factual cause of the collision, Michael Blundetto has suffered, and will continue to suffer, a loss of earnings and earning capacity.

12.     As a factual cause of the collision, Michael Blundetto has suffered, and will continue to suffer, great bodily pain and suffering, as well as mental anxiety and nervousness, to his great detriment and loss.

13.     As a factual cause of the collision, Michael Blundetto has suffered, and will continue to suffer, an interruption of his daily habits and pursuits.

14.     As a factual cause of the collision, Michael Blundetto has sustained, and will continue to sustain, a loss of the pleasures of life.

15.     As a factual cause of the collision, Plaintiff, Kathleen Blundetto, has been deprived of the society, companionship, contributions and consortium of her husband, Michael Blundetto, to her great detriment and loss.

16.     At the time of the collision, Mr. Negron-Vazquez was insured with Infinity Insurance and had Bodily Injury Liability protection limits in the amount of $15,000.

17.     Infinity Insurance made a Policy Limits offer of $15,000 and the Blundettos chose to accept the offer.

18.     GEICO was notified of the proposed settlement with Mr. Negron-Vazquez, consented to it and waived its rights of subrogation.

19.     Mr. Negron-Vazquez' Bodily Injury Policy Limits were not adequate to compensate Michael and Kathleen Blundetto for the injuries and damages caused by the collision.

4

20.     At the time of the collision, the Blundettos held a family car insurance policy with GEICO (hereinafter "the Policy").

21.     GEICO produced the Declarations Page for the Policy, which is attached hereto, incorporated herein and marked as Exhibit "A," in response to the Blundettos' request for verification of their Underinsured Motorist Policy Limits.

22.     Underinsurance adjuster Danielle Pelletier produced the documents attached as Exhibit "B" and represented that they constituted the Policy in effect on the date of the collision.

23.     The Policy is a legally binding insurance contract between the Blundettos and GEICO.

24.     On the date of the collision, the Policy between the Blundettos and GEICO provided for $100,000 of Underinsured Motorist Benefits with stacking for seven vehicles, providing total Underinsurance coverage of $700,000.

25.     On the date of the collision, the Policy contained the Full Tort option which applies to the September 28, 2011 collision.

26.     The Blundettos' Policy with GEICO provides, in part, as follows with regard to Underinsured Motorist coverage:

> LOSSES WE PAY
>
> Under this coverage, we will pay damages for *bodily injury* caused by an accident which the *insured* is legally entitled to recover from the owner or operator of an *underinsured motor vehicle* arising out of the ownership, maintenance or use of that motor vehicle.
>
> The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. If any *insured* making claim under this coverage and we do not agree:

    1.  Whether that person is legally entitled to recover damages from the owner or operator of an **underinsured motor vehicle**; or

    2.  As to the amount of damages

then the dispute shall be resolved in a court of competent jurisdiction in the county or federal district where the **insured** resided at the time of the accident.  Should a dispute proceed to litigation we will be obligated to pay no more than the applicable policy limits for this coverage.  Upon the written agreement of all parties, the dispute under 1. or 2. above may be submitted to arbitration.  However, neither the **insured** nor we will be required to arbitrate unless both parties voluntarily agree in writing to submit the matter to arbitration.

An **insured** may not recover damages under both the Uninsured Motorists Coverage and the Underinsured Motorists Coverage for the same accident.

27.    By letter dated March 26, 2014, counsel for the Blundettos made a written Demand for $300,000 to settle their claims against GEICO for Underinsured Motorist benefits under the Policy.  The Demand letter contained a detailed analysis of the claim and attached extensive documentation including medical records and bills, a Narrative Report of Michael Blundetto's treating doctor and a Narrative Summary of the impact of the injuries on his life.  A true and correct copy of the March 26, 2014 letter (without attachments) is attached hereto, incorporated herein and marked as Exhibit "C."

28.    On or about May 22, 2014, GEICO made a settlement offer of $10,000.

29.    The settlement offer was neither reasonable nor fairly based upon the documentation provided by counsel to support the Blundettos' Underinsured Motorist Demand.

30.     Based upon the documentation provided by counsel for the Blundettos to GEICO, the Underinsured Motorist claim was clearly worth much more than the offer, showing that GEICO did not comply with its contractual and statutory obligation to promptly and fairly evaluate the claim.

31.     The Blundettos rejected the offer of settlement.

## COUNT I – BREACH OF CONTRACT – UNDERINSURANCE CLAIM
## PLAINTIFFS v. DEFENDANT

32.     The allegations of paragraphs 1 through 31 are incorporated herein by reference as though set forth at length.

33.     The Blundettos have fully complied with all of the terms, conditions and duties required under the Policy with GEICO.

34.     Defendant owed the Blundettos a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate the Underinsured Motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

35.     Defendant has failed to reasonably investigate the Blundettos' claim.

36.     Defendant has failed to objectively and fairly evaluate the Blundettos' claim.

37.     Defendant has failed to promptly offer payment of the fair and reasonable value of the Blundettos' claim.

38.     For the reasons set forth, Defendant has violated its obligation under the Policy and has breached its contract with the Blundettos.

WHEREFORE, Plaintiffs, Michael and Kathleen Blundetto, demand judgment against Defendant, GEICO General Insurance Company, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus interest, costs of suit and delay damages.

7

## COUNT II – BAD FAITH
## PLAINTIFFS v. DEFENDANT

39.     The allegations of paragraphs 1 through 38 are incorporated herein by reference as though set forth at length.

40.     The actions of Defendant in the handling of the Blundettos' Underinsured Motorist claim constitute bad faith as defined under 42 Pa. C.S.A. §8371 as follows:

        a.     Failing to evaluate the Blundettos' claim objectively and fairly;

        b.     Engaging in dilatory and abusive claims handling;

        c.     Failing to adopt or implement reasonable standards in evaluating the Blundettos' claim;

        d.     Acting unreasonably and unfairly in response to the Blundettos' claim;

        e.     Not attempting in good faith to effectuate a fair, prompt and equitable settlement of the Blundettos' claim in which the Defendant's liability under the Policy had become reasonably clear;

        f.     Subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

        g.     Failing to promptly offer reasonable payment to the Blundettos;

        h.     Failing reasonably and adequately to investigate the Blundettos' claim;

        i.     Failing reasonably and adequately to evaluate or review the medical documentation in Defendant's possession;

8

j.     Violating the fiduciary duty owed to the Blundettos;

k.     Acting unreasonably and unfairly by withholding Underinsured Motorist benefits justly due and owing to the Blundettos;

l.     Failing to make an honest, intelligent and objective settlement offer;

m.     Causing the Blundettos to expend money on the presentation of their claim; and

n.     Causing the Blundettos to bear the stress and anxiety associated with litigation.

41.     An insurer such as Defendant has a fiduciary, contractual and statutory obligation to its policy holders such as the Blundettos.

42.     At all relevant times, the Blundettos fully complied with the terms and conditions of the Policy and all conditions precedent and subsequent to their right to recover under the Policy.

43.     Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of the Blundettos and is liable for punitive damages for its bad faith conduct.

44.     For the reasons set forth above, Defendant has violated the terms of the Policy, its obligations as an insurer, has failed to act towards the Blundettos in good faith and has violated 42 Pa. C.S.A. §8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorneys' fees and such other relief as the court deems appropriate.

WHEREFORE, Plaintiffs, Michael and Kathleen Blundetto, demand judgment against Defendant and in their favor in an amount in excess of the arbitration limits for

compensatory damages, punitive damages, interest, costs of suit, attorneys' fees and any other damages allowed by 42 Pa. C.S.A. §8371.

MacELREE HARVEY, LTD.

By: _____
Timothy F. Rayne, Esquire
Attorney for Plaintiffs
Attorney I.D. No. PA 75589
211 East State Street
Kennett Square, PA  19348
P| 610-444-3180
F| 610-444-3270
E| trayne@macelree.com

1523488_1

## <u>VERIFICATION</u>

We, Michael and Kathleen Blundetto, verify that the statements made in the Complaint are true and correct to the best of our knowledge, information and belief. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

7.4.14
**Date**

MICHAEL BLUNDETTO

7.4-14
**Date**

KATHLEEN BLUNDETTO

# EXHIBIT A



■ Government Employees Insurance Company
■ GEICO General Insurance Company
■ GEICO Indemnity Company
■ GEICO Casualty Company

P.O. Box 9505 ■ Fredericksburg, VA 22403-9504

May 10, 2013

MICHAEL J BLUNDETTO
3 MINSHALL CIRCLE
GLEN MILLS, PA 19342

May 09 2013 17:50:35 10777554436 → 0560453131297050000 Geico Page 002

# GEICO.
geico.com

Tel: 1-800-841-3000

**GEICO GENERAL INSURANCE COMPANY**
One GEICO Boulevard
Fredericksburg, VA 22412-0003

Date Issued: June 23, 2011

MICHAEL J BLUNDETTO SR AND
KATHLEEN A BLUNDETTO
3 MINSHALL CIR
GLEN MILLS PA 19342-1235

Email Address: mblundetto@aol.com

# Declarations Page
This is a description of your coverage.
Please retain for your records.

**Policy Number: 0127-32-64-03**
**Coverage Period:**
07-22-11 through 01-22-12
12:01 a.m. local time at the address of the named insured.

AS A GEICO FAMILY AUTO POLICYHOLDER, WHEN YOU OR YOUR SPOUSE (IF RESIDING WITH YOU) RENTS A CAR IN THE UNITED STATES OR CANADA, THE RENTAL CAR IS COVERED UNDER YOUR GEICO POLICY. THE SAME POLICY PROVISIONS AND CONDITIONS, COVERAGE LIMITS AND DEDUCTIBLES THAT APPLY TO YOUR PERSONAL CAR ALSO APPLY TO THE RENTAL VEHICLE. IF YOU HAVE MORE THAN ONE CAR INSURED, THE RENTAL CAR WOULD BE COVERED WITH THE BROADEST (HIGHEST LIMITS, LOWEST DEDUCTIBLES) COVERAGES INCLUDED UNDER THE COLLISION ON YOUR POLICY.

REMEMBER COMPREHENSIVE AND COLLISION COVERAGES EXTEND ONLY IF YOU HAVE PURCHASED THEM FOR YOUR OWN VEHICLES. THE MECHANICAL BREAKDOWN COMPONENT OF YOUR MULTI-RISK COVERAGE, IF PURCHASED, IS UNIQUE TO YOUR VEHICLE AND DOES NOT EXTEND TO RENTAL VEHICLES.

| Insured | Additional Drivers |
|---|---|
| Michael Blundetto sr | Michael Blundetto, Jr |
| Kathleen Blundetto | Ashley Blundetto |

| Vehicles | | VIN | Vehicle Location | Finance Company/ Lienholder |
|---|---|---|---|---|
| 1 2000 Ford | Excrsn LTD | 1FMNU43SXYEC61273 | Glen Mills PA 19342 | |
| 2 2000 Loadrite | | 5A4TDGL15Y2050197 | Glen Mills PA 19342 | |
| 3 2002 Midatlanti | Steelside | 5ANNA12182R012246 | Glen Mills PA 19342 | |
| 4 2004 Infi | G35 | JNKCV54E34M810902 | Glen Mills PA 19342 | Infiniti Financial Svcs |
| 5 1996 Ford | Mustang GT | 1FALP42X9TF218097 | Glen Mills PA 19342 | |
| 6 2003 Nissan MmoSLSEAW | | JN8AZ08W73W201225 | Glen Mills PA 19342 | |
| 7 2000 Toyota | Celica GT | JTDDR32T2Y0064522 | Glen Mills PA 19342 | |

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 |
|---|---|---|---|---|---|
| Bodily Injury Liability Each Person/Each Occurrence | $100,000/$300,000 | $94.70 | - | - | $98.60 |
| Property Damage Liability | $50,000 | $73.50 | - | - | $70.90 |
| First Party Benefits | Option A | $29.40 | - | - | $32.90 |

May 09 2013 17:58:52   18777554436   ->   8560453131297850808 Geico                    Page 883

| Coverages* | Limits and/or Deductibles | Vehicle 1 | Vehicle 2 | Vehicle 3 | Vehicle 4 |
|---|---|---|---|---|---|
| Uninsured Motorists/With Stacking | | | | | |
| Each Person/Each Occurrence | $100,000/$300,000 | $29.20 | - | - | $43.80 |
| Underinsured Motorist/With Stacking | | | | | |
| Each Person/Each Occurrence | $100,000/$300,000 | $29.40 | - | - | $44.10 |
| Comprehensive | $100 Ded | $53.70 | $0.60 | $1.80 | $65.20 |
| Collision | $500 Ded | $132.90 | $2.10 | $4.10 | $177.30 |
| Emergency Road Service | Full | $8.00 | - | - | $7.10 |
| Rental Reimbursement | $25 Per Day | $13.20 | - | - | $13.20 |
| | $750 Max | - | - | - | - |
| **Six Month Premium Per Vehicle** | | **$464.00** | **$2.70** | **$5.90** | **$551.10** |

| Coverages* | Limits and/or Deductibles | Vehicle 5 | Vehicle 6 | Vehicle 7 |
|---|---|---|---|---|
| Bodily Injury Liability | | | | |
| Each Person/Each Occurrence | $100,000/$300,000 | $199.80 | $238.90 | $94.70 |
| Property Damage Liability | $50,000 | $155.00 | $185.30 | $73.50 |
| First Party Benefits | Option A | $43.40 | $56.70 | $29.40 |
| Uninsured Motorists/With Stacking | | | | |
| Each Person/Each Occurrence | $100,000/$300,000 | $43.80 | $43.80 | $43.80 |
| Underinsured Motorist/With Stacking | | | | |
| Each Person/Each Occurrence | $100,000/$300,000 | $44.10 | $44.10 | $44.10 |
| Comprehensive | $100 Ded | $67.80 | $64.60 | $58.40 |
| Collision | $500 Ded | $237.50 | $344.40 | $139.00 |
| Emergency Road Service | Full | $8.00 | $8.00 | $8.00 |
| Rental Reimbursement | $25 Per Day | $13.20 | $13.20 | $13.20 |
| | $750 Max | - | - | - |
| **Six Month Premium Per Vehicle** | | **$812.60** | **$999.00** | **$504.10** |
| **Total Six Month Premium** | | | | **$3,339.40** |

*Coverage applies where a premium or $0.00 is shown for a vehicle.

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

## Discounts

| The total value of your discounts is | $1,424.50 |
|---|---|
| Multi-Car (Veh 1, 4, 5, 6, 7) | $445.80 |
| Good Student (Veh 6) | $106.30 |
| Driver Training (Veh 6) | $70.70 |
| Sponsored Group (All Vehicles) | $288.80 |
| Anti-Lock Brakes (Veh 1, 4, 5, 6, 7) | $54.10 |
| Anti-Theft Device (Veh 1, 4, 5, 6, 7) | $34.50 |

Continued on Next Page
Renewal Policy Page 16 of 30

May 09 2013 17:51:11   18777554436   →   0560453131297850800 Geico                      Page 004

**Discounts continued**

5 Year Good Driving (Veh 1, 4, 5, 6, 7) ..........................................................................................................................$342.10
Passive Restraint/Air Bag (Veh 1, 4, 5, 6, 7) ............................................................................................................$62.20

Contract Type: A30PA
Contract Amendments: ALL VEHICLES - A184 A30PA A54PA

Unit Endorsements:     A115 (VEH 1,4,5,6,7); A431 (VEH 1,4,5,6,7);
                       A469 (VEH 1,4,5,6,7); A472 (VEH 1,4,5,6,7); UE316 (VEH 4);
                       UE22 (VEH 2); UE207 (VEH 2,3)

Class:  A -N -     -S (VEH 1); 0 -  N/APP (VEH 2); 0 -  N/APP (VEH 3); A -N -     -S (VEH 4);
        A -N -21SM  -S (VEH 5); A -N -18SF T-L (VEH 6); A -N -     -S (VEH 7)

---

## Important Policy Information

-Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing any false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.

-Please review the front and/or back of this page for your coverage and discount information.

-Active Duty, Guard, Reserve or Retired Military; Call 1-800-MILITARY to see if you qualify for the Military Discount.

-You are receiving a $288.80 discount based on your membership in NFCU .

-You are currently carrying the Full Tort Option on your policy.

-Reminder - Physical damage coverage will not cover loss for custom options on an owned automobile, including equipment, furnishings or finishings including paint, if the existence of those options has not been previously reported to us. This reminder does NOT apply in VIRGINIA and NORTH CAROLINA. Please call us at 1-800-841-3000 or visit us at geico.com if you have any questions.

-If you have not already taken advantage of our Recurring Credit Card or Electronic Funds Transfer (EFT) programs, please visit geico.com or call 1-800-932-8872 to enroll in either program.

-Confirmation of coverage has been sent to your lienholder and/or additional insured.

-A Driver Training Credit or Discount no longer applies to your 96 FORD.

# EXHIBIT   B

TIMOTHY F. RAYNE, ESQUIRE                          ATTORNEY FOR PLAINTIFFS
ATTORNEY I.D. 75589
MacELREE HARVEY, LTD.
211 East State Street
Kennett Square, PA  19348
P| 610-444-3180
F| 610-444-3270
E| trayne@macelree.com

---

| | |
|---|---|
| MICHAEL BLUNDETTO and<br>KATHLEEN BLUNDETTO | IN THE COURT OF COMMON PLEAS |
| | DELAWARE COUNTY, PA |
| Plaintiffs | NO. 2014-005992 |
| v. | |
| GEICO GENERAL INSURANCE COMPANY | |
| Defendant | JURY TRIAL DEMANDED<br>JURY OF TWELVE REQUESTED |

### AFFIDAVIT OF SERVICE

COMMONWEALTH OF PENNSYLVANIA    :
                                                          : ss.
COUNTY OF CHESTER                          :

Timothy F. Rayne, being duly sworn according to law, deposes and says that on July 14, 2014 he mailed a true and correct copy of the Complaint filed in this matter on July 10, 2014 to Defendant GEICO General Insurance Company by certified mail, return receipt requested.  A true and correct copy of the signed return receipt card which indicates delivery on July 17, 2014 is attached hereto, made a part hereof, and marked Exhibit "A."

MacELREE HARVEY, LTD.

By: _____
          Timothy F. Rayne, Esquire
          Attorney for Plaintiffs

Sworn to and subscribed
before me this 5th day
of August, 2014.

_Cheryl A. McCarthy_
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Cheryl A. McCarthy, Notary Public
Kennett Square Boro, Chester County
My Commission Expires Sept. 23, 2017
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GEICO General Insurance Co.
One Geico Boulevard
Fredericksburg, VA 22412

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☒ Certified Mail        ☐ Express Mail
   ☐ Registered            ☐ Return Receipt for Merchandise
   ☐ Insured Mail          ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)     7012 3460 0003 4822 6295

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

# EXHIBIT A

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that in this case complete copies of all papers contained in the foregoing Affidavit of Service have been served upon the following person by First Class Mail and on the date stated:

Scott J. Tredwell, Esquire
McCormick & Priore, P.C.
1600 JFK Boulevard
Suite 800
Philadelphia, PA  19103

**MacELREE HARVEY, LTD.**

By: _____
Timothy F. Rayne, Esquire
Attorney for Plaintiffs
Attorney I.D. No. PA 75589
211 East State Street
Kennett Square, PA  19348
P| 610-444-3180
F| 610-444-3270
E| <u>trayne@macelree.com</u>

Dated: <u>August 5, 2014</u>